UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Civil No. 04cr0603 JAH |
|---|---|---|
| Plaintiff, | ) ) | **ORDER DENYING MOTION TO REDUCE SENTENCE [Doc. No. 667]** |
| v. | ) | |
| TOMAS CASTANEDA-JIMINEZ, | ) ) | [18 U.S.C. § 3582] |
| Defendant. | ) ) | |

Defendant Tomas Castaneda-Jimenez filed a motion to reduce the term of his imprisonment pursuant to 18 U.S.C. § 3582. He maintains Amendment 750 results in a sentence reduction from 135 months to 87 or 108 months based upon a base offense level of 20.

Pursuant to 18 U.S.C. §3582(c), the court may reduce a term of imprisonment for a defendant who has been sentenced based on a sentencing range that has subsequently been lowered after consideration of factors set forth in 18 U.S.C. 3553(a). However, where an amendment to the guidelines has no effect on the defendant's sentencing range, there is no basis to reduce the sentence. See United States v. Townsend, 98 F. 3d. 510, 513 (9th Cir. 1996).

Amendment 750 reduces the base offense level for crack cocaine offenses in section 2D1.1 of the Sentencing Guidelines and is applied retroactively. See U.S.S.G. § 1B1.10. To determine a sentence for a defendant convicted of cocaine base violations, a district court will consult the Sentencing Guidelines drug equivalency tables set forth under

section 2D1.1.  For multiple drug offenses, the drug equivalency tables also "provide[s] a means for combining differing controlled substances to obtain a single offense level."  Id.  To use the drug equivalency tables, a court converts each of the drug quantities to a marijuana equivalent, adds the marijuana quantities and looks to the table at section 2D1.1 to determine the combined offense level.  Id.

Defendant entered a plea of guilty to one count of conspiracy to distribute cocaine in violation of Title 21, United States Code, Sections 846 and 841(a)(1) on November 4, 2004.  See Doc. Nos. 160, 629.  This Court accepted the plea and sentenced Defendant to a term of one hundred thirty five (135) months followed by five years of supervised release on December 10, 2007.  See Doc. Nos. 627, 629.  Defendant's level is based upon the following: ten kilograms of cocaine, 2.2 kilograms of methamphetamine, 4.4 kilograms of "ice", 225 grams of heroin, and 140 grams of cocaine base.  At sentencing this resulted in an equivalent of 95,563 kilograms of marijuana and a base offense level of 38.  This Court sentenced Petitioner to the low end of the guideline range at the re-sentencing.  Applying Amendment 750 results in an equivalent of 28,505 kg of marijuana and a base offense level of 36.  Because the amendment has no effect on Petitioner's sentence he is not entitled to relief under section 3582.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED Petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582 is **DENIED.**

DATED:     October 25, 2018

_____
JOHN A. HOUSTON
United States District Judge